UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MYERS, #417331,

        Petitioner,

v.                                              CASE NO. 10-CV-12931
                                             HONORABLE LAWRENCE P. ZATKOFF

MARY BERGHUIS,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO AMEND, BUT DENYING
MOTIONS FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL**

        This matter is before the Court on Petitioner's motions to amend, for evidentiary hearing, and for appointment of counsel concerning his pending habeas corpus petition. Respondent has not yet filed an answer to the petition or the state court record. Those materials are due on February 3, 2011. Respondent has not filed a reply to Petitioner's motions.

**I.    Motion to Amend**

        Petitioner seeks to amend his petition to add an additional claim of ineffective assistance of trial counsel which was not included in his initial petition and to provide supplemental authority and analysis as to all of his claims. Under the Federal Rules of Civil Procedure, a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a).[1] Since a responsive pleading has not yet been filed in this case, Petitioner has the right to amend the petition. Accordingly, the Court **GRANTS** Petitioner's motion to amend**.**

---

[1] Rule 15(a) applies to habeas corpus actions as it applies to other civil cases. *See* 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

The supplemental information submitted with Petitioner's motion has been filed and shall be considered as part of the petition.

## II. Motion for Evidentiary Hearing

Petitioner asks the Court to conduct an evidentiary hearing on his claims, particularly his ineffective assistance of counsel claims. Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

As noted, Respondent has not yet filed an answer to the petition (or the amended petition), nor has Respondent filed the relevant state court documents. Once those material are submitted, the Court will have to review the case. Petitioner's request for an evidentiary hearing is therefore premature. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for an evidentiary hearing.

## III. Motion for Appointment of Counsel

Petitioner also seeks the appointment of counsel to assist him before this Court. He states that he is unable to afford counsel, his issues are substantial, and his case is complex. Petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Given the status of this case, neither discovery nor an evidentiary hearing are necessary at this time, and the interests of justice do not require appointment

of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for appointment of counsel.

The Court will bear in mind Petitioner's requests. If the Court determines that an evidentiary hearing and/or appointment of counsel are necessary after reviewing the pleadings and the state court record, the Court will enter an appropriate order. Petitioner need not file additional motions concerning such matters.

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 13, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 13, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290