UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MYERS, # 417331,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent,
_____/

Civil No. 2:10-CV-12931
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

William Myers, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83; assault with intent to commit great bodily harm, M.C.L.A. 750.84; felon in posession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's direct appeals with the Michigan courts ended on March 23, 2009, when the Michigan Supreme Court denied him leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Meyers, a/k/a William Myers,* 483 Mich. 915; 762

N.W. 2d 479 (2009).

On May 18, 2010, petitioner filed a petition for writ of habeas corpus with this Court, which was dismissed without prejudice on June 17, 2010, on the ground that petitioner had failed to exhaust his state court remedies with respect to some of his claims. *Meyers v. Berghuis,* U.S.D.C. No. 10-CV-12003; No. 2010 WL 2507777 (E.D. Mich. June 17, 2010).

On July 21, 2010, petitioner filed the current petition for writ of habeas corpus with this Court. [1]

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 21, 2010, the date that it was signed and dated, despite the fact that it was filed with this Court on July 26, 2010. *See e.g. Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

Petitioner's direct appeals with the Michigan courts were completed on March 23, 2009, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's conviction therefore became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on June 21, 2009, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent tolling of the limitations period, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than June 21, 2010 in order for the petition to be timely.

Petitioner filed his first petition for writ of habeas corpus with this Court on May 18, 2010, which was dismissed without prejudice on June 17, 2010, because the petition contained claims which had not been exhausted with the state courts. The statute of limitations expired in this case four days later on June 21, 2010. Unless petitioner's first habeas petition somehow tolled the limitations period, the current habeas petition is untimely.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations period, *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit has indicated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court,

3

provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

This Court dismissed petitioner's first habeas petition on June 17, 2010. Petitioner did not file his current petition for writ of habeas corpus until July 21, 2010, some thirty four days later. Because petitioner did not re-file this habeas petition within thirty days of the dismissal of his first habeas petition, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer,* 276 F. 3d at 781-82; *See also Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003). Because the statute of limitations expired on June 21, 2010, the instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The Sixth Circuit held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual

innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In his habeas application, petitioner contends that the in-court identification of petitioner by one of the victims, Jerry Myers, as his assailant was tainted because he only identified petitioner after purportedly looking at a prior photograph of petitioner on the Internet from the Michigan Department of Corrections' Offender Tracking Information System ("OTIS"). Petitioner also claims that his counsel was ineffective for failing to call two different witnesses, Cindy Blakey and Yousif Alareeki, to testify about the possibility of other suspects having been involved in the shooting, or in the alternative, to move for the admission of their statements into evidence.

Jerry Myers positively identified petitioner in court as his assailant, testifying that he was at arms length from petitioner when he was shot. (Tr. 2/20/2007, pp. 182-83, 188). The victim acknowledged that after receiving information off the street about petitioner's nickname, he looked him up on the Internet on OTIS and identified petitioner from his photograph at this website. The

victim further acknowledged that he had previously been unable to pick petitioner out of a police photographic lineup. (*Id.* at pp. 195-97).

Petitioner claims that Cindy Blakey observed four different white men get out of the van driven by the victim's assailant, which he argues would call into question the testimony of the two victims of this case that only two men, petitioner and his co-defendant, were involved in the assaults. Blakey's statement [2] does not appear to contradict the two victims' testimony. Blakey claims that she observed a green van pull up with "two white guys" inside of it and a burgundy van pull up with "two white guys in it." Blakey then informed the police that "[A]ll four people got out [of] the vans." Blakey's statement about four people refers to the two men in the one van and the two men in the second van and does not contradict the victims' testimony.

Yousif Alareeki [3] told the police that he observed an unknown black male exit the burgundy van that the assailants were driving. [4] Alareeki stated that he then saw a second unknown male, whom he did not identify by race, exit the van and join in the shooting. Alareeki could not identify the shooter as he only saw the top of his head and his arm holding a gun.

The Sixth Circuit has previously rejected a similar actual innocence argument as grounds for tolling the limitations period. *See Whalen v. Randle*, 37 Fed.Appx. 113, 116, 121 (6th Cir.2002)(rejecting actual innocence tolling argument where evidence included testimony by another participant in the robberies who claimed that petitioner was not his accomplice, an affidavit from a witness who said that the prosecutor took witnesses to improperly view petitioner for later

---

[2] *See* Petitioner's Exhibit C.

[3] *See* Petitioner's Exhibit D.

[4] Both petitioner and his co-defendant are white.

6

identification purposes, and a supplemental police report that had never been turned over to the defense containing an interview with a friend of the petitioner's who would have exonerated him and would have identified the perpetrator as the same man that the participant in the robberies would have identified).

Jerry Myers positively identified petitioner as his assailant. Cindy Blakey's testimony was not inconsistent with the trial testimony of the victims. Although Yousif Alareeki identified one of the participants in the shooting as being a black male, he did not identify the race of the second man who took part in the shooting, nor did he get a good look at this man. Alareeki's statement does not rule out petitioner's involvement in this shooting. Although equitable tolling based on a habeas petitioner's actual innocence remains an important, though "extraordinary," remedy, it is one that a court should "refuse to provide in a less-than-extraordinary case" like petitioner's. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007).

The Court will dismiss the petition for writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional

right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE PURSUANT TO 28 U.S.C. § 2244(d)(1).**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

                                                     s/Lawrence P. Zatkoff
                                                     LAWRENCE P. ZATKOFF
                                                     UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 11, 2011.

s/Marie E. Verlinde
Case Manager
(810) 984-3290